**WO**                                        NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis,<br><br>             Plaintiff,<br><br>v.<br><br>Sedona Oak-Creek Unified School District #9,<br><br>             Defendant. | No. CV-16-08063-PCT-JJT<br><br>**ORDER** |

At issue is Plaintiff's First and Second Motions to Strike Affirmative Defenses (Doc. 12, First MTS; Doc. 23, Second MTS),[1] to which Defendant filed Responses (Doc. 18, Resp. to First MTS; Doc. 25, Resp. to Second MTS); and Defendant's Motion to Amend/Correct Amended Answer to the Complaint (Doc. 21, MTA), to which Plaintiff filed a Response (Doc. 22, Resp. to MTA). Plaintiff asks the Court to strike four affirmative defenses[2] raised by Defendant in the First Amended Answer (Doc. 20, FAA) and Proposed Second Amended Answer (Doc. 21, Ex. A [Proposed] SAA) under Federal Rule of Civil Procedure 12(f). (Second MTS at 4-6.) Defendant has responded and requested leave to file a Second Amended Answer, which proposes to add one more affirmative defense.

---

[1] While both Plaintiff's motions are entitled "First" Motions to Strike, the Court refers to them chronologically here for clarity.

[2] Although Plaintiff's proposed order lists only four paragraphs (and five affirmative defenses) he wishes the Court to strike, the body of the motion attacks nine paragraphs as individual affirmative defenses. The Court has construed Plaintiff's motion as seeking to strike paragraphs 1, 3, 7, 8, 9, 10, 11, 12, and 16 of the Amended Answer.

## I. DEFENDANT'S MOTION FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)).

In the Proposed SAA, Defendant makes no additions or amendments to the vast majority of its FAA and adds only one new affirmative defense. Nonetheless, Plaintiff asks the Court to deny Defendant's proposal due to futility and lack of diligence. (Resp. to MTA at 4-6.) Aside from the fact that Plaintiff points to no prejudice in allowing Defendant to amend its FAA, the prejudice of having to prosecute his claims against affirmative defenses is not the type of prejudice contemplated under Rule 15. Moreover, the Court sees no other prejudice here. The Court has just entered a case management order (Doc. 29) and discovery has just begun. In addition, there is no evidence to indicate that Defendant engaged in bad faith or undue delay in amending the FAA. Any lack of due diligence as alleged by Plaintiff is of little consequence at this stage in the litigation and does not warrant denial of Defendant's motion.

The only remaining factor that could weigh against allowing Defendant to amend the SAA is futility. In his Response to Defendant's Motion to Amend, Plaintiff argues he is not required to exhaust any further administrative remedies, that claims pertaining to the agreement at issue may be brought directly in this Court, and that even if he were required to exhaust any administrative remedies, there are no remedies for him to exhaust. (Resp. to MTA at 2-5.) To support this, Plaintiff distinguishes precedent, points to the agreement's language, and provides an extemporaneous email purportedly from the Deputy Director of Legal Services for the Arizona Department of Education instructing him to bring his action in state court. (Resp. to MTA at 2-5, Ex. A.)

A district court may deny leave to amend where the "amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). None of the arguments Plaintiff raises are sufficient for the Court to disallow Defendant's singular proposed amendment for futility. Moreover, the majority of Plaintiff's arguments are not appropriate at this time. Indeed, in arguing that Defendant's additional affirmative defense would be futile, Plaintiff expressly asks the Court to consider a document outside both the Complaint and the proposed SAA that, Plaintiff argues, call into question the feasibility and necessity of Defendant's proposed affirmative defense. (Resp. to MTA at 2-5, Ex. A.) Just as when a court considers a motion to dismiss—where it limits its review to the contents of the complaint and considers only material that is properly presented to the court as part of the complaint—the Court similarly limits its evaluation here. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Thus, the Court will not oblige Plaintiff and consider the outside material cited in his Response. Defendant's requested amendment is not futile under Rule 15 and the Court will grant Defendant's Motion to Amend.

## II.    PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

Federal Rule of Civil Procedure 8(c) provides that a defendant must "state any avoidance or affirmative defense" in answering a complaint. The Ninth Circuit Court of Appeals has construed this requirement to mean that a defendant must give "fair notice" of affirmative defenses to the plaintiff. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). The Supreme Court has long held that fair notice requires only a plain statement of the nature and grounds of a claim or defense. *See Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

An affirmative defense may be insufficient as a matter of pleading or of law. *Id.*; *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (9th Cir. 1987). A party may ask the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f). "The function of a 12(f)

1  motion to strike is to avoid the expenditure of time and money that must arise from
2  litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v.*
3  *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted), *rev'd on other*
4  *grounds*, 510 U.S. 517 (1994). "'Immaterial' matter is that which has no essential or
5  important relationship to the claim for relief or the defenses being pleaded." *Id.* (quoting
6  5 Charles A. Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 1382, at 706-07,
7  711 (2d ed. 1990)). Courts generally view motions to strike disfavorably "because they
8  are often used to delay and because of the limited importance of the pleadings in federal
9  practice." *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009). "A
10 motion to strike should not be granted unless it is absolutely clear that the matter to be
11 stricken could have no possible bearing on the litigation." *Id.*

### A. Fair Notice of Affirmative Defenses

The bulk of Plaintiff's Motions to Strike contend that Defendant's affirmative defenses are insufficiently pled. (*E.g.*, Second MTS at 4-6.) In particular, Plaintiff argues that Defendant's Affirmative Defenses Nos. 3, 7, 8, 9, 10, 11, and 12 do not provide fair notice for various reasons: they fail to provide relevant statutory or precedential citation, are conclusory, or lack specificity as to their direction. (*E.g.*, Second MTS at 4-6.) As noted above, Defendant need only provide a plain statement of the nature and grounds of each affirmative defense; they need not plead "enough facts to state a claim to relief that is plausible on its face," as required by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), and its progeny. *See G & G Closed Circuit Events, LLC v. Mitropoulos*, No. CV-12-0163-PHX-DGC, 2012 WL 3028368, at *1 (D. Ariz. July 24, 2012). With this standard in mind, the Court finds that Defendant gave Plaintiff fair notice of its affirmative defenses.

### B. Failure to State a Claim

Plaintiff next asserts that Defendant's allegation that the Plaintiff failed to state a claim for relief (Affirmative Defense No. 1) is not a proper affirmative defense. (*E.g.*, First MTS at 4-5.) While Defendant justifies raising this as an affirmative defense by

citation to the Federal Rules of Civil Procedure (Resp. to First MTS at 6), the Court agrees with the conclusion of other district courts in the Ninth Circuit that failure to state a claim is properly raised as a challenge to a plaintiff's *prima facie* claim, not as an affirmative defense to it. *See, e.g.*, *Barnes v. AT&T Pension Benefits Plan— Nonbargained Program*, 718 F. Supp. 2d 1167, 1176 (N.D. Cal. 2010). Because Defendants cannot cure this defect, the Court will strike this affirmative defense with no leave to amend.

### C.     Reservation of Rights

Finally, Plaintiff argues that Defendant's Affirmative Defense No. 17, asserting "additional affirmative defenses set forth in Rule 8(c) and Rule 12, Fed. R. Civ. P. may become applicable as discovery progresses" is improper. (Second MTS at 5.) The Court agrees. The purported affirmative defense does not independently raise any new issues of fact or identify any specific affirmative defense. An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense. *Solis v. Zenith Capital LLC*, No. C08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009). Any new affirmative defense that Defendant intends to supplement its Answer with "must comply with Rule 15 of the Federal Rules of Civil Procedure." *Id.* The Court will strike Defendant's reservation of the right to allege additional affirmative defenses. Because Defendant's reservation is not a proper affirmative defense, the Court does not grant leave to amend. Should the Defendant wish to plead additional affirmative defenses in the future, the Federal Rules of Civil Procedure govern Defendant's ability to do so.

**IT IS THEREFORE ORDERED** denying Plaintiff's First Motion to Strike Affirmative Defenses (Doc. 12) as moot.

**IT IS FURTHER ORDERED** granting in part and denying in part Plaintiff's Second Motion to Strike Affirmative Defenses (Doc. 23). With regard to Defendant's Affirmative Defenses contained in its [Proposed] Second Amended Answer (Doc. 21, Ex. A), the Court strikes Nos. 1 and 17 with no leave to amend. Plaintiff's Motion is denied as to the balance of Defendant's Affirmative Defenses.

**IT IS FURTHER ORDERED** granting Defendant's Motion to Amend/Correct Amended Answer to the Complaint (Doc. 21). Defendant shall file its Second Amended Answer on the docket after omitting the stricken affirmative defenses in conformity with this Order by September 16, 2016.

Dated this 8th day of September, 2016.

_____
Honorable John J. Tuchi
United States District Judge