**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis,<br><br>    Plaintiff,<br><br>v.<br><br>Sedona Oak-Creek Unified School District #9,<br><br>    Defendant. | No. CV-16-08063-PCT-JJT<br><br>**ORDER** |

  At issue is Defendant Sedona Oak-Creek Unified School District #9's Motion for Judgment on the Pleadings (Doc. 49, MJP), to which *pro se* Plaintiff Matthew Oskowis filed a Response (Doc. 51, Resp. to MJP), and Defendant filed a Reply (Doc. 55, MJP Reply).

  Defendant asks the Court to grant judgment on the pleadings with regard to Counts 1 and 2 of Plaintiff's Complaint (Doc. 1, Compl. ¶¶ 49-56) on three separate grounds. First, Defendant argues that the claims raised in Count 1 are barred by the doctrine of *res judicata*. (MJP at 4-5; MJP Reply at 5-6.) Second, Defendant argues that the claims in Counts 1 and 2 are moot. (MJP at 6-7; MJP Reply at 1-3.) Finally, Defendant argues that Plaintiff has failed to exhaust the requisite administrative remedies for Counts 1 and 2 prior to seeking judicial relief. (MJP at 7-9; MJP Reply at 4-5.) In response, Plaintiff asserts that the doctrine of *res judicata* is inapplicable to the current proceedings (Resp. to MJP at 6-9), that neither of his claims is moot (Resp. to MJP at 2-6, 11-12), and that the law does not require Plaintiff to exhaust administrative remedies

prior to seeking judicial relief (Resp. to MJP at 9-12). The Court finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.  BACKGROUND**

Plaintiff is the father of E.O., who was diagnosed with classical infantile autism. In March 2010, E.O. started attending West Sedona School within Sedona Oak Creek Unified School District. In July 2010, Plaintiff requested mediation between the parties from the Arizona Department of Education ("ADE") concerning issues with E.O.'s Individualized Education Program ("IEP"). In September 2010, the parties reached an agreement ("2010 Agreement"). In September 2011, Plaintiff requested mediation between the parties from the ADE for "failure to honor prior mediation." The parties reached a new agreement in October 2011 ("2011 Agreement"). In April 2013, Plaintiff filed a third mediation request, which Defendant formally denied.

On April 26, 2013, Plaintiff filed a Civil Complaint in Yavapai County Superior Court ("Yavapai Complaint") for breach of contract, alleging that Defendant failed to substantively comply with the 2010 and 2011 Agreements. In May 2013, Plaintiff filed a Due Process Complaint under 20 U.S.C. § 1415(b)(7) with the ADE. In June 2013, the parties participated in four resolution meetings and reached a Resolution Agreement ("2013 Agreement"). After the 2013 Agreement, Plaintiff filed a second Due Process Complaint, which the ADE dismissed for insufficiency. In July 2013, Plaintiff filed a modified version of the June Complaint, but the resulting resolution meeting on July 24, 2013, was unsuccessful. In September 2013, the state Superior Court dismissed Plaintiff's state claim in accordance with Plaintiff's stipulation that the Yavapai Complaint be dismissed with prejudice.

Plaintiff filed the current Complaint on March 28, 2016. Count 1 of Plaintiff's Complaint alleges that Defendant deliberately and willfully violated the 2010 and 2011 Agreements and requests that the Court enforce those Mediation Agreements under the Individuals with Disabilities Education Act ("IDEA"). (Compl. ¶¶ 50-52.) Count 2 of Plaintiff's Complaint alleges that Defendant deliberately and willfully violated the 2013

Agreement and requests that the Court enforce the 2013 Agreement under IDEA. (Compl. ¶¶ 54-56.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. *Westlands Water Dist. v. Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Deveratura v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

## III. ANALYSIS

### A. Effective Period of the Agreements and Mootness

Defendant argues that Counts 1 and 2 of Plaintiff's Complaint are moot because the Mediation Agreements expired when the parties created a new IEP and the provisions of the 2013 Agreement were only effective for the 2013-2014 school year, thereby precluding later enforcement of those agreements. (MJP at 6-7; MJP Reply at 1-3.) Plaintiff argues that the Mediation Agreements persist independently of any subsequent

IEPs because: (1) Defendant failed to check some of the boxes on the Mediation Agreements that state that each individual resolution will be added to the student's IEP (Resp. to MJP at 2-4, 6); (2) Defendant failed to provide Plaintiff with a statutorily required Prior Written Notice ("PWN"), notifying Plaintiff of Defendant's intent to incorporate the Mediation Agreements into E.O.'s IEP (Resp. to MJP at 3-5); and (3) Plaintiff would not have agreed to any Mediation Agreement that would be effective for less than three months (Resp. to MJP at 3, 4-5).

### 1. Count I: 2010 and 2011 Agreements

Pursuant to 20 U.S.C. §§ 1415(e)(2)(F) and 1415(f)(1)(B)(iii), federal courts have jurisdiction to enforce IDEA settlement agreements reached during mediation or a resolution session. *See Justin R. ex rel. Jennifer R. v. Matayoshi*, No. 10-00657, 2011 WL 2470624, at *10 (D. Haw. June 17, 2011). Although Defendant argues that the 2010 Agreement expressly applied, in its entirety, as an addendum to E.O.'s IEP (MJP at 2), there is no evidence that the parties actually incorporated the 2010 Agreement into the IEP. Furthermore, Plaintiff alleges, and Defendant does not dispute, that Defendant failed to provide a PWN by which either Mediation Agreement could be incorporated into E.O.'s IEP. (Resp. to MJP at 3, 5.) Plaintiff also alleges that he would not have accepted limiting the provisions solely to the IEPs currently in effect when the parties signed the Mediation Agreements. (Resp. to MJP at 3, 4-5.) Notably, Defendant does not even address the 2011 Agreement's applicability to E.O.'s IEP. Accepting Plaintiff's allegations as true, pursuant to the applicable legal standard, Count 1 of Plaintiff's Complaint is not moot. To the extent that Plaintiff is seeking redress for Defendant's failure to incorporate the Mediation Agreements into E.O.'s IEP, Count 1 of Plaintiff's Complaint presents a live controversy.

The Court rejects Plaintiff's argument that any part of the Mediation Agreements persists independently of E.O.'s IEP. The 2010 Agreement specifically states three times that "[t]his agreement will be considered an addendum to the IEP." (Compl., Ex. A at 2, 4-5.) Although the language of the 2011 Agreement is less clear, the checked boxes

- 4 -

1   stating an intent to apply some of the resolutions to E.O.'s IEP at an IEP meeting on or
2   before December 7, 2011 (Compl., Ex. B at 1-3) indicate the parties' intent to apply the
3   resolutions in the 2011 Agreement to the IEP. Furthermore, Defendant argues
4   persuasively that allowing a mediation agreement to apply independently of an IEP does
5   not fulfill IDEA's purpose of serving the "changing needs of the child." (MJP Reply
6   at 2.) The IEP must be capable of adapting to a child's needs, free from the encumbrances
7   of previous resolutions that may no longer serve those needs.

8       On the other hand, the Court also rejects Defendant's argument that the provisions
9   of the Mediation Agreements could apply only to the IEP in effect when the parties
10  signed the Agreements. Under IDEA, an educational agency's IEP Team must *review*
11  each child's IEP "not less than annually," 20 U.S.C. § 1414(d)(4)(A)(i), and revise the
12  IEP *when necessary* to address all appropriate matters regarding the child's IEP, 20
13  U.S.C. § 1414(d)(4)(A)(ii). "[T]he purposes of the IDEA [are] to provide disabled
14  students a free appropriate public education ["FAPE"] and to protect the educational
15  rights of those students." *Doug C. v. Haw. Dep't of Educ.*, 720 F.3d 1038, 1046 (9th Cir.
16  2013) (citing 20 U.S.C. § 1414(d)(4)). According to reports from the House Committee
17  on Education and the Workforce as well as the Senate Committee on Labor and Human
18  Resources, the purpose of an IEP is to create an educational program that is tailored to a
19  child's needs. *See* S. Rep. No. 105-17, at 24 (1997); H.R. Rep. No. 105-95, at 104 (1997).
20  Thus, provisions within a student's IEP, including those provisions adopted through the
21  mediation process, are not necessarily limited to the school year in which the parties
22  adopt them but can persist as long as they are necessary to provide the student with a
23  FAPE.

24      Accordingly, the Court finds that the resolutions adopted in the Mediation
25  Agreements are not effective in perpetuity, but Count 1 of Plaintiff's Complaint is not
26  moot. The parties expressed an intent to incorporate the resolutions within the Mediation
27  Agreements into E.O.'s IEP, and those resolutions may persist beyond the IEP currently
28  in effect when the parties signed the Mediation Agreements. If Plaintiff demonstrates that

- 5 -

Defendant failed to incorporate the terms of the Mediation Agreements into E.O.'s IEP, the Court may enforce the Agreements.

### 2. Count 2: 2013 Agreement

The 2013 Agreement states that "these terms shall be implemented for the 2013-2014 school year only." (Compl., Ex. C at 1.) Plaintiff does not argue that the 2013 Agreement should apply beyond that particular school year. Nor does Plaintiff argue that Defendant failed to incorporate the resolutions in the 2013 Agreement into E.O.'s IEP. Plaintiff's only request for relief is enforcement of the 2013 Agreement—relief that is not available under the circumstances because Plaintiff does not dispute that the 2013 Agreement was only enforceable during the relevant school year. Similar to Count 1, however, Plaintiff does allege violations under IDEA in Count 2. (Resp. to MJP at 12.) If all other threshold requirements are satisfied, the Court could grant relief for such violations. Although Plaintiff seemingly requests improper relief, it is not clear that "*no* relief could be granted under *any* set of facts that could be proved consistent with the allegations." *Deveratura*, 454 F.3d at 1046 (emphasis added); s*ee also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (stating that courts should construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt") (internal citation omitted). Accordingly, Count 2 of Plaintiff's Complaint is not moot.

### B. *Res Judicata*

Defendant argues that Count 1 of Plaintiff's Complaint is barred by the doctrine of *res judicata* because Plaintiff filed the same claim in the state Superior Court, which dismissed that claim with prejudice. (MJP at 4-5; MJP Reply at 5-6.) Plaintiff argues that, under Arizona law, this proceeding does not constitute the same cause of action, an element necessary for application of *res judicata*. (Resp. to MJP at 7-8.) Alternatively, Plaintiff argues that, even if this proceeding involves the same cause of action, a letter from Superintendent David Lykins (Compl., Ex. E) constitutes a changed fact in the form of worsening of the earlier conditions, barring application of *res judicata*. (Resp. to MJP at 8-9.)

Federal courts must look to state law to determine the preclusive effect of a state court judgment. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Under Arizona law, there must be (1) a final judgment on the merits, (2) common identity of the parties and the capacity in which they appeared, (3) common identity of the subject matter, and (4) common identity of the cause of action. *Beseder, Inc. v. Osten Art, Inc.*, No. CV 05-00031-PHX, 2006 WL 2730769, at *5 (D. Ariz. Sep. 25, 2006) (citing *Hall v. Lalli*, 952 P.2d 748, 750 (Ariz. Ct. App. 1999)). "Two causes of action which arise out of the same transaction or occurrence are not the same for purposes of *res judicata* if proof of different or additional facts will be required to establish them." *E.C. Garcia and Co., Inc. v. Ariz. State Dep't of Revenue*, 875 P.2d 169, 179 (Ariz. Ct. App. 1993) (citing *Rousselle v. Jewett*, 421 P.2d 529 (Ariz. 1966)). Under this "same evidence" test, a plaintiff may avoid preclusion "merely by posturing the same claim as a new legal theory," even if both theories rely on the same underlying occurrences. *Phoenix Newspapers, Inc. v. Dep't of Corr.*, 934 P.2d 801, 805 (Ariz. Ct. App. 1985); *see also Power Rd.-Williams Field LLC v. Gilbert*, 14 F. Supp. 3d 1304, 1309 (D. Ariz. 2014) (recognizing that the "same evidence" test is to be interpreted liberally). However, the doctrine of *res judicata* bars any claims that could have been determined in a prior action. *Hall*, 977 P.2d at 779; *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 297 P.3d 923, 925 (Ariz. Ct. App. 2013).

Here, the first, second, and third elements of Arizona's *res judicata* test are easily satisfied. First, the state Superior Court's dismissal with prejudice of Plaintiff's 2013 Yavapai Complaint (MJP, Ex. C)[1] was a final judgment on the merits. *See Torres v. Kennecott Copper Corp.*, 488 P.2d 477, 479 (Ariz. Ct. App. 1971) ("[A] dismissal with prejudice is an adjudication on the merits and is therefore [*res judicata*] as to every issue reasonably framed by the pleadings.") (internal citation omitted). Second, the parties to the present dispute are identical to the parties in the state court litigation. Third, the

---

[1] The Court takes judicial notice of both Exhibits A and C in Defendant's Motion as court filings or other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

- 7 -

subject matter of Count 1 of Plaintiff's Complaint in this case—alleged violations of the Mediation Agreements (Compl. ¶¶ 49-52)—was the subject matter of Plaintiff's Yavapai Complaint in the 2013 state court action (MJP, Ex. A at 2-3). The last element, common identity of the cause of action, requires further consideration.

Arizona law does not follow the transaction test applied in the federal case cited by Defendant (MJP at 4-5); rather, the Court must rely on Arizona's "same evidence" test. On April 26, 2013, Plaintiff filed the Yavapai Complaint in the state Superior Court, alleging Defendant's failure to substantively comply with the 2010 and 2011 Agreements. (MJP, Ex. A. at 2-3.) In Count 1 of the Yavapai Complaint, Plaintiff alleged that Defendant specifically failed to comply with Issue 2 (*i.e.*, data sheet requirements) of the 2010 Agreement. (MJP, Ex. A at 2.) In Count 2 of the Yavapai Complaint, Plaintiff alleged that Defendant specifically failed to comply with Issue 3 (*i.e.*, short term objectives and data collection), Issue 4 (*i.e.*, new goals handbook), and Issue 6 (*i.e.*, IEP documentation) of the 2011 Agreement. (MJP, Ex. A at 3.)

Here, Plaintiff alleges again that Defendant failed to comply with Issue 2 of the 2010 Agreement and Issues 3 and 6 of the 2011 Agreement. (Compl. ¶ 33.) Additionally, Plaintiff alleges that Defendant failed to comply with Issue 4 (*i.e.*, provision for an aide) and Issue 7 (*i.e.*, communications between the parents and the District) of the 2010 Agreement and Issue 7 (*i.e.*, information to be contained in PWNs) of the 2011 Agreement. (Compl. ¶ 33.)

Plaintiff's claims alleging Defendant's failure to comply with Issues 4 and 7 of the 2010 Agreement and Issue 7 of the 2011 Agreement are not barred by *res judicata* because Plaintiff alleges violations of those issues under a new legal theory—violation of IDEA rather than breach of contract—and proof of such violations will require new evidence. Plaintiff's claims regarding Issue 2 of the 2010 Agreement and Issues 3 and 6 of the 2011 Agreement *may* be barred by the doctrine of *res judicata*, but only if the resolutions pertaining to those issues did not persist in E.O.'s IEP beyond Plaintiff's 2013 state claim—a fact which this Court cannot determine based on the pleadings.

1 The letter from Superintendent Lykins (Compl., Ex. E), upon which Plaintiff relies to argue "worsening of the earlier conditions" (Resp. to MJP at 8-9), merely expresses Defendant's intention to not apply the terms of the Mediation Agreements to the extent that those provisions interfere with providing E.O. a FAPE. Because the Court rejected Plaintiff's argument that the Mediation Agreements persist independently of E.O.'s IEP, that letter does not constitute a "worsening of the earlier conditions." Nevertheless, at this time, none of Plaintiff's claims are barred by the doctrine of *res judicata*.

### C. Exhaustion of Administrative Remedies

Defendant argues that Plaintiff failed to exhaust available administrative remedies before petitioning this Court as required by the IDEA. (MJP at 7-9; MJP Reply at 4-5.) In response, Plaintiff argues that, as of 2006, the regulations governing IDEA do not require administrative exhaustion prior to seeking judicial relief. (Resp. to MJP at 9-11, 12.) Plaintiff does not argue that he has already exhausted all administrative remedies. Nor does Plaintiff argue that such administrative remedies would be futile or inadequate.

Judicial review under IDEA in a particular case is normally available only if the plaintiff exhausts his administrative remedies through IDEA's due process hearing procedures. 20 U.S.C. § 1415(l); *see also Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1167 (9th Cir. 2007). The IDEA exhaustion requirement is not a jurisdictional question but rather "a claims processing provision that IDEA defendants may offer as an affirmative defense." *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 867 (9th Cir. 2011) (*en banc*) (overruled on other grounds in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (*en banc*)). IDEA's exhaustion requirement applies in cases where a plaintiff seeks relief available under IDEA. *Payne*, 653 F.3d at 871. The fact that settlement agreements arising from IDEA claims are judicially enforceable "does not necessarily dispense with the requirement that administrative remedies be exhausted before the parties seek judicial intervention to resolve their differences." *Hayden C. ex rel. Tracy C. v. W. Placer Unified Sch. Dist.*, No. 2:08-CV-03089, 2009 WL 1325945, at *4 (E.D. Cal. May 12, 2009); *see also Pedraza v. Alameda Unified Sch. Dist.*, No. 05-04977, 2007 WL 949603, at *5 (N.D.

Cal. Mar. 27, 2007) (holding that IDEA's exhaustion requirement "is *not* satisfied when parties enter into a mediated settlement agreement") (emphasis in original)).

Plaintiff argues that 34 C.F.R. § 300.537 allows him to seek judicial remedy without exhausting available administrative remedies. (Resp. to MJP at 10.) But Plaintiff misinterprets the applicability of this regulation. By its plain language, this regulation allows a *state enforcement agency* to use other mechanisms to enforce an agreement. 34 C.F.R. § 300.537. Furthermore—as Plaintiff noted in the Statement of Facts in support of his Response (Doc. 54 at 6)—the legislative intent behind this provision was to allow a state to provide other mechanisms to enforce agreements. *See* 71 Fed. Reg. at 46,703. Plaintiff has provided no authority, and the Court is unaware of any, to support the argument that Arizona law allows seeking judicial remedy for alleged violations of IDEA prior to exhausting administrative remedies.

Here, Plaintiff seeks enforcement of the Mediation Agreements and 2013 Agreement under IDEA. (Compl. ¶¶ 52, 56.) Although Plaintiff does not specifically request relief for denial of a FAPE, Plaintiff's allegations—violations of the Mediation Agreements and 2013 Agreement—implicate FAPE issues. Therefore, Plaintiff is required to exhaust all available administrative remedies. *See Hayden C.*, 2009 WL 1325945, at *5 (holding that any settlement agreement that implicates issues of a FAPE requires administrative exhaustion). Defendant, however, inappropriately shifted the burden to Plaintiff to prove that he exhausted all available administrative remedies. (MJP at 8-9.) Administrative exhaustion is an affirmative defense that defendants "must plead and prove." *See Albino*, 747 F.3d at 1166.

Accordingly, while the Court finds that Plaintiff is required to exhaust all available administrative remedies under IDEA, Defendant will bear the burden of proof to succeed on this defense.

**IV.   CONCLUSIONS**

The Court finds that Defendant cannot clearly establish on the face of Plaintiff's Complaint that he failed to state a claim in Counts 1 and 2. Although the provisions of the

Mediation Agreements do not exist independently of E.O.'s IEP, Plaintiff alleges, in part, that Defendant failed to incorporate the terms of the Mediation Agreements into E.O.'s IEP. Because the Court has the authority to enforce such incorporation, Count 1 is not moot. Likewise, Count 2 is not moot because Plaintiff alleges violations of the 2013 Agreement under IDEA—relief the Court has the authority to deliver.

The doctrine of *res judicata* does not apply to Count 1 because some of Plaintiff's claims arise under a new legal theory, requiring new evidence, thereby satisfying the applicable Arizona law. The rest of Plaintiff's claims, though dismissed with prejudice in the state Superior Court in 2013, are only barred if the resolutions governing those claims did not persist beyond Plaintiff's 2013 state claim—a fact which is not clear from the pleadings alone.

Finally, Plaintiff is required to exhaust all administrative remedies prior to seeking judicial intervention, but failure to exhaust is an affirmative defense for which Defendant bears the burden of proof. Defendant may re-raise this defense on summary judgment.[2]

**IT IS THEREFORE ORDERED** denying Defendant's Motion for Judgment on the Pleadings (Doc. 49) as to Counts 1 and 2 of Plaintiff's Complaint.

Dated this 27th day of March, 2017.

Honorable John J. Tuchi
United States District Judge

---

[2] Although the Court can find no case law specifically barring Defendant from raising the failure to exhaust defense in a Rule 12(c) motion, current Ninth Circuit case law strongly suggests that such questions are appropriately addressed only in Rule 56 motions. *See Albino*, 747 F.3d at 1171 (recognizing that the summary judgment procedures for addressing exhaustion under the Prison Litigation Reform Act are appropriate for addressing exhaustion under the IDEA).