**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis, | No. CV-16-08063-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Sedona Oak-Creek Unified School District #9, | |
| Defendant. | |

At issue is Defendant Sedona Oak-Creek Unified School District #9's Motion for Partial Summary Judgment (Doc. 47, MPSJ), to which *pro se* Plaintiff Matthew Oskowis filed a Response (Doc. 50, Resp. to MPSJ), and Defendant filed a Reply (Doc. 56, MPSJ Reply).

Defendant asks the Court to grant partial summary judgment with regard to Count 3 of Plaintiff's Complaint (Doc. 1, Compl. ¶¶ 57-59) on the grounds that the retaliation claim is barred by the applicable statute of limitations. (MPSJ at 1.) In response, Plaintiff argues that a genuine dispute of fact exists as to when his claim accrued. (Resp. to MPSJ at 2, 7.) Alternatively, Plaintiff argues that the discovery rule and equitable tolling doctrine assure that he filed the retaliation claim in a timely manner. (Resp. to MPSJ at 4-8.) The Court finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

## I. BACKGROUND

In Count 3 of Plaintiff's Complaint, Plaintiff alleges that Defendant deliberately and willfully retaliated against him in violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. (Compl. ¶ 58.) Plaintiff is the father of E.O., who was diagnosed with classical infantile autism. In March 2010, E.O. started attending West Sedona School within Defendant Sedona Oak Creek Unified School District. In July 2010, Plaintiff requested mediation between the parties from the Arizona Department of Education ("ADE") concerning issues with E.O.'s Individualized Education Program ("IEP"). In September 2010, the parties reached an agreement. In September 2011, Plaintiff requested mediation between the parties from the ADE for "failure to honor prior mediation." The parties reached a new agreement in October 2011. In April 2013, Plaintiff filed a third mediation request, which Defendant formally denied.

In May 2013, Plaintiff filed a Due Process Complaint under 20 U.S.C. § 1415(b)(7) with the ADE. In June 2013, the parties participated in four resolution meetings and reached a Resolution Agreement. After the Resolution Agreement, Plaintiff filed a second Due Process Complaint, which the ADE dismissed for insufficiency. In July 2013, Plaintiff filed a modified version of the June Complaint, and the resulting resolution meeting on July 24, 2013, was unsuccessful.

On July 30, 2013, an employee of Defendant contacted the Arizona agency then known as Child Protective Services ("CPS")[1] to report concerns regarding potential child abuse of E.O.. On August 8, 2013, Plaintiff wrote a letter to Superintendent David Lykins, also Defendant's employee, in which Plaintiff claimed to know the identity of the individual who contacted CPS and declared that the timing of the CPS report could be construed as retaliatory behavior.

CPS found the report of abuse to be "unsubstantiated" in May 2014. Pursuant to A.R.S. § 8-807(M), Plaintiff petitioned a judge of the state Superior Court to disclose the

---

[1] In January 2014, Governor Jan Brewer abolished the Arizona Child Protective Services and transferred that organization's responsibilities to a new agency, Arizona Child Safety and Family Services.

- 2 -

full contents of the CPS report, including the identity of Defendant's employee who contacted CPS. In December 2014, the court determined that there was "a reasonable question of fact as to whether the report was made in bad faith or with malicious intent" and ordered disclosure of the CPS report to Plaintiff. Plaintiff filed this suit against Defendant on March 28, 2016.

Defendant contends that, based on federal law governing the accrual of a cause of action, Plaintiff's retaliation claim accrued no later than August 8, 2013, the day Plaintiff notified Defendant in writing that he might have a claim. (MPSJ at 3-4.) Defendant further argues that, because Plaintiff did not bring his suit until March 28, 2016, the retaliation claim falls outside the two-year statute of limitations imposed by Arizona law. (MPSJ at 4.) Plaintiff argues that the August 8, 2013 letter was a bluff and that Plaintiff did not truly know the identity of the individual who contacted CPS due to the confidential nature of the CPS report. (Resp. to MPSJ at 2, 6-7.) Thus, Plaintiff argues that the accrual date is a question of fact for the jury. (Resp. to MPSJ at 2.) Alternatively, Plaintiff argues that the immunity granted to school personnel who report abuses to CPS and the requirement that a court determine the CPS report was made in "bad faith" qualify as "extraordinary circumstances" for purposes of the equitable tolling doctrine. (Resp. to MPSJ at 7-8.) Plaintiff argues that these circumstances prevented Plaintiff from bringing suit against Defendant until December 30, 2014. (Resp. to MPSJ at 7.)

## II.   LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987).[2] Under this standard, "[o]nly disputes over facts that might

---

[2] Plaintiff—appearing *pro se*—mistakenly quotes the standard applicable to a Motion to Dismiss, rather than one for a summary judgment motion. (Resp. to MPSJ at 1-2.) The Court is not required to accept the Complaint's allegations as true or to read those

- 3 -

affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

### III. ANALYSIS

Plaintiff's Complaint alleges that Defendant retaliated against Plaintiff in violation of the ADA, 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*. (Compl. ¶ 58.) To determine whether Plaintiff's retaliation claim will survive Defendant's Motion for Partial Summary Judgment, the Court must determine the applicable statute of limitations, the date Plaintiff's cause of action accrued, and the relevancy of the equitable tolling doctrine to this claim.

---

facts in a light most favorable to Plaintiff. Instead, the Court will only accept facts supported by evidence in search of a triable issue of material fact.

### A. Applicable Statute of Limitations

The parties concede, and the Court agrees, that, because neither the ADA nor the Rehabilitation Act contains an express statute of limitations provision, the Court must apply the statute of limitations of the most analogous state law. (MPSJ at 2; Resp. to MPSJ at 3.) *See Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002). While Plaintiff does not offer an analogous state law, Defendant argues that the two-year statute of limitations for personal injury claims applies here. (MPSJ at 2.)

The Arizona legislature intended the Arizonans with Disabilities Act (A.R.S. § 41-1401 *et seq.*) to be analogous to the ADA because A.R.S. § 41-1492.01(A) dictates that all buildings and facilities used by public entities must conform to Title II of the ADA. *Payne v. Arpaio*, No. CV-09-1195-PHX-NVW, 2009 WL 3756679, at *10 (D. Ariz. Nov. 4, 2009). However, Arizona courts have determined that Arizona's statute of limitations for personal injury actions should apply to claims arising under Title II of the ADA and Section 504 of the Rehabilitation Act. *See Madden-Tyler v. Maricopa Cty.*, 943 P.2d 822, 829-30 (Ariz. Ct. App. 1997).

In this case, deciding which state law is most analogous to Plaintiff's ADA and Rehabilitation Act claim is of little significance because both laws provide for a two-year statute of limitations. The two-year statute of limitations set forth in the enforcement provision of the Arizonans with Disabilities Act, A.R.S. § 14-1492.08, governs the anti-retaliation provision under the same article, A.R.S. § 41-1492.10. Similarly, the two-year statute of limitations imposed by A.R.S. § 12-542 governs personal injury actions in Arizona. Thus, the Court finds that a two-year statute of limitations applies to the Plaintiff's retaliation claim filed under the ADA and Section 504 of the Rehabilitation Act.

### B. Date Plaintiff's Action Accrued

Defendant asserts that Plaintiff's retaliation claim accrued on August 8, 2013, when Plaintiff sent a letter to Superintendent David Lykins claiming to know the identity of the school employee who filed the CPS report. (MPSJ at 3-4; Doc. 48, DSOF Ex. A,

1   Def.'s First Req. for Admis., Ex. 4.) Plaintiff claims the letter was a bluff, based on "a
2   hunch and hearsay." (Resp. to MPSJ at 2.) Plaintiff argues, therefore, that the retaliation
3   claim did not accrue until the state Superior Court ordered the contents of the CPS report
4   to be released to Plaintiff on December 30, 2014. (Resp. to MPSJ at 4, 6-7.)

5         A statute of limitations begins to run on the date on which the plaintiff's claim
6   "accrues." *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). Federal law determines
7   when a civil rights claim accrues. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154
8   (9th Cir. 2000). Under federal law, a claim accrues "when the plaintiff knows or has
9   reason to know of the actual injury" that is the basis of the cause of action. *Lukovsky v.*
10  *City & County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). "[T]he 'discovery
11  rule,' which postpones the beginning of the limitations period from the date the plaintiff
12  is actually injured to the date when he discovers (or reasonably should discover) he has
13  been injured . . . is already incorporated into federal accrual law." *Id.* at 1048. The federal
14  discovery rule requires "discovery of the injury, not discovery of the other elements of a
15  claim" for a cause of action to accrue. *Rotella v. Wood*, 528 U.S. 549, 555 (2000); s*ee*
16  *also, generally, Hensley v. United States*, 531 F.3d 1052, 1057 (9th Cir. 2008) (holding
17  that a plaintiff's lack of knowledge of the identity of the tort-feasor does not toll the
18  accrual of a plaintiff's cause of action).

19        Here, Plaintiff admitted writing a letter to Superintendent David Lykins on
20  August 8, 2013. (DSOF Ex. B, Resp. to First Req. for Admis. at 3.) In that letter, Plaintiff
21  claimed that he had "ascertained that [the CPS report about E.O.] came from a specific
22  school employee" and that Plaintiff was prepared to "give the specific name of the
23  individual" based on the observations the individual provided to CPS. (DSOF Ex. A,
24  Def.'s First Req. for Admis., Ex. 4.) Plaintiff also stated that the CPS report "[could] be
25  construed as a retaliatory measure by the District" and later referred to the CPS report as
26  "apparent retaliatory behavior." (DSOF Ex. A, Def.'s First Req. for Admis., Ex. 4.)
27  Although Plaintiff now argues that "he actually had very little proof or the ability to
28  prove that the District was involved on August 8, 2013. . . . [and that he] was acting on a

hunch and hearsay" (Resp. to MPSJ at 2), such self-serving contradictions are insufficient to create a disputed issue of fact without supporting evidence.[3] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); *Breeser v. Menta Group, Inc.*, 934 F. Supp. 2d 1150, 1159 (D. Ariz. 2013) ("The Court will not find a disputed issue of fact based merely on [the plaintiff] contradicting her own prior statements."). Plaintiff has failed to produce "some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact" as to when Plaintiff's retaliation claim accrued. *See Anderson*, 477 U.S. at 256-57.

Even if federal accrual law required Plaintiff to know *who* was responsible for his injury, Plaintiff's alleged lack of knowledge regarding the employee of Defendant responsible for the retaliatory behavior does not bear significantly on the accrual date of the retaliation charge. Plaintiff relies on the confidential nature with which CPS treats mandatory reporters to argue that he could not have known who filed the CPS report. (Resp. to MPSJ at 6-7.) Pursuant to A.R.S. § 8-807(L), CPS must take all precautions to protect the identity of mandatory reporters. In his letter to Superintendent Lykins, however, Plaintiff indicated that the CPS report could be construed as a retaliatory measure taken *by the District* (DSOF Ex. A, Def.'s First Req. for Admis., Ex. 4), the only Defendant in this case. Thus, Plaintiff knew of both the actual injury and the party allegedly responsible for that injury. Accordingly, the Court finds that, barring any application of the equitable tolling doctrine, Plaintiff's retaliation claim accrued on August 8, 2013.

---

[3] In his responsive filings, Plaintiff failed to comply with several local and federal rules. *See* Fed. R. Civ. P. 56(e); LRCiv 56.1(b). Most detrimental to Plaintiff's response is the failure to support a key fact—that his letter to the District was a bluff—with any admissible evidence such as an affidavit, declaration, or other educed testimony. *See* Fed. R. Civ. P. 56(c); LRCiv 56.1(a). Because Plaintiff is appearing without representation, the Court will not strike the allegation and will resolve the Motion based on the merits. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* pleadings held to less stringent standard than those drafted by lawyers).

- 7 -

### C. Equitable Tolling Doctrine

Plaintiff makes two arguments for application of the equitable tolling doctrine, which tolls the statute of limitations if a plaintiff has an excusable delay in filing suit. First, Plaintiff argues that Arizona law grants immunity to mandatory reporters, preventing Plaintiff from bringing a suit until CPS declared the CPS report "unsubstantiated," and the state Superior Court ordered disclosure of the CPS report to Plaintiff on December 30, 2014. (Resp. to MPSJ at 7.) Second, Plaintiff argues that his retaliation claim required the preliminary finding of bad faith by the state Superior Court on December 30, 2014 before Plaintiff could file his claim. (Resp. to MPSJ at 8.)

Federal courts generally refer to state laws for rules governing equitable tolling. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). Under Arizona law, equitable tolling is a legal question for the court and should be applied sparingly and only under extraordinary circumstances. *See McCloud v. Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 695-97 (Ariz. Ct. App. 2007). Arizona courts have recognized application of the doctrine in circumstances such as "defendant's fraudulent concealment of a cause of action; defendant's inducement of plaintiff not to sue; disability of the suing party; and delays due to war." *Hosogai v. Kadota*, 700 P.2d 1327, 1331 (Ariz. 1985) (internal citations omitted), *superseded by statute*, A.R.S. § 12-504(A), *as recognized in Jepson v. New*, 792 P.2d 728, 733-34 (Ariz. 1990).

Neither of Plaintiff's arguments introduces an "extraordinary circumstance" that prevented him from bringing suit on August 8, 2013. Plaintiff's argument regarding immunity fails for two reasons. First, the employee of Defendant who may have qualified for immunity as a mandatory reporter is not a party to this suit. Plaintiff attributed all allegations of retaliation in his August 8, 2013 letter to Defendant. Second, even if Plaintiff intended to bring suit against the employee, mandatory reporters are only granted qualified immunity under A.R.S. § 13-3620. *See Ramsey v. Yavapai Family Advocacy Ctr.*, 235 P.3d 285, 290 (Ariz. Ct. App. 2010); *L.A.R. v. Ludwig*, 821 P.2d 291, 295 (Ariz. Ct. App. 1991). Such immunity does not prevent Plaintiff from commencing a

suit; Plaintiff must simply provide evidence of malice on the part of the person who reported the abuse. *Ludwig*, 821 P.2d at 295.

Plaintiff's argument that he could not bring suit against Defendant for retaliation until an Arizona court determined that the District employee filed the CPS report in bad faith also fails for two reasons. First, the Arizona statute governing petitions to release CPS reports does not require such petitions to precede any civil action. A.R.S. § 8-807(M). Second, the state Superior Court, in response to such a petition, does not make a finding of bad faith. Rather, the court merely determines whether "there is a reasonable question of fact as to whether the report or complaint was made in bad faith or with malicious intent." *Id.* Accordingly, the Court finds that Plaintiff's circumstances were insufficiently "extraordinary" to require application of the equitable tolling doctrine.

## IV. CONCLUSIONS

The Court finds that Plaintiff's retaliation claim, Count 3, accrued on August 8, 2013 and was subject to a two-year statute of limitations period. Thus, Plaintiff's retaliation claim was time-barred after August 8, 2015. Furthermore, the Court finds that Plaintiff failed to present any "extraordinary circumstances" that would justify tolling the statute of limitations. In the absence of a genuine issue of material fact, the Court grants summary judgment to Defendant on Plaintiff's retaliation claim.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Partial Summary Judgment (Doc. 47) as to Count 3 of Plaintiff's Complaint. Count 3 is dismissed with prejudice.

Dated this 27th day of March, 2017.

Honorable John J. Tuchi
United States District Judge